UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

TRACY H.[1] Plaintiff

v. Civil Action No. 4:25-cv-87-RGJ-HBB

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Plaintiff Tracy H. ("Plaintiff") objects [DE 18] to the Magistrate Judge's Findings Of Fact, Conclusions Of Law And Recommendation ("R&R") [DE 17] that the Court affirm the final decision of the Commissioner, and enter judgment. For the reasons below, the Court **DENIES** Plaintiff's objections [DE 18] , and **ACCEPTS** the Magistrate Judge's R&R [DE 17].

## I. BACKGROUND

On August 14, 2023, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability since June 30, 2022. [DE 16 at 985]. The State Agency Disability Determination Service denied Plaintiff's claim both initially and on reconsideration. [*Id.*]. Plaintiff subsequently filed a written request for hearing on March 5, 2024. [DE 17 at 997].

On July 16, 2024, Administrative Law Judge David Hansen ("ALJ") conducted a telephonic hearing and later issued a decision on August 2, 2024, denying disability benefits. [*Id.* at 997 - 998]. Plaintiff timely appealed to the Appeals Council, which denied Plaintiff's request for review in January 2025. [*Id.* at 998]. The ALJ's ruling thus stands as the final decision of the Commissioner. [*Id.*].

[1] Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

On August 5, 2025, Plaintiff commenced this action pursuant to 42 U.S.C. §§ 405(g)and 1383(c)(3) seeking judicial review of the Commissioner of Social Security's decision denying Plaintiff's applications for disability benefits. [DE 1]. Pursuant to 28 U.S.C. § 636(b)(1) and General Order No. 2023-02, the matter was then referred to the Magistrate Judge [DE 17 at 996], who issued an R&R affirming the denial of benefits [DE 17], and Plaintiff filed a timely objection. [DE 18]. This matter is therefore ripe for review.

## II. STANDARD

Upon timely objection to a Magistrate Judge's proposed finding of fact and recommendations for disposition produced under 28 U.S.C. § 636(b)(1), the Court is generally required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). There is an exception to this general rule, however, when an objection "merely incorporates portions of a [party]'s prior motion ...." *United States v. Ickes*, No. 1:15-CR-00004-GNS-2, 2017 WL 1017120, at *1 (W.D. Ky. Mar. 15, 2017) (citation omitted). Such an objection does not rise to the level of a "'specific written objection[s] to the proposed findings and recommendations' as required by Rule 72(b)(2)." *Id.* (alteration in original) (citation omitted). "[A] reexamination of the exact same argument that was presented to the magistrate judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.' " *Id.* (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). When presented with an objection that only repeats arguments raised to the Magistrate Judge, the Court should review the objection only for clear error. *Id.*; *accord Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 372

(E.D.N.Y. 2009) ("[W]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (alteration in original) (quoting *Barratt v. Joie*, No. 96CIV0324LTSTHK, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002))). "Clear error will be found only when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)).

Upon review of the administrative decision underlying a Magistrate Judge's report and recommendation, the Court must consider: "(1) 'whether the findings of the ALJ are supported by substantial evidence' and (2) 'whether the ALJ applied the correct legal standards.'" *Chaney v. Kajikazi*, No. 5:21-CV-112-TBR, 2022 WL 3586213, at *2 (W.D. Ky. Aug. 22, 2022) (quoting *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016)). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). "When substantial evidence supports an ALJ's decision, we affirm even if we would have decided differently and even if substantial evidence also supports the opposite conclusion." *Id.* (internal citations omitted) (quoting *Francis v. Comm'r Soc. Sec. Admin.*, 414 F. App'x 802, 805 (6th Cir. 2011)).

## III. DISCUSSION

Plaintiff raises one objection to the R&R. [DE 18 at 1012]. Plaintiff argues that the ALJ "improperly evaluated" the medical source statements of the "two different treating source providers, Ashby and Gardner." [*Id.*]. Plaintiff accuses the ALJ of failing to fully consider the

record, including by "selectively discussed the record evidence, ignoring or glossing over the evidence of significant back problems that contradicted the ALJ's residual functional capacity," and otherwise failing to support his conclusions with substantial evidence. [*Id.* at 1013]. In light of these deficiencies, Plaintiff argues that the Magistrate Judge's review of the ALJ's analysis was inadequate. With respect to the ALJ's review of the two provider opinions, Plaintiff argues that

> [t]he Magistrate Judge copied and pasted the ALJ's summary of their opinions, as well as the following paragraphs from the ALJ essentially attempting to explain why the medical source's opinions were inconsistent with and unsupported by the record. In each of those assessments, the Magistrate Judge claimed that the ALJ adequately addressed each factor. *Id.* The problem is that the ALJ's explanation was extremely cursory. The Magistrate Judge noted that the ALJ claimed that the opinions from Ashby and Gardner were not supported by the results of their own findings. However, the ALJ did not cite to a single page in the record when coming to such a conclusion.

[*Id.* at 1013]. As for Plaintiff's assertion that the ALJ lacked substantial evidence supporting his conclusions, Plaintiff states that "[t]hese problems went unaddressed by the Magistrate Judge." [*Id.*].

On review, the majority of the "objections" raised by Plaintiff relate to the decision of the ALJ and his consideration of the evidence, not any purported error by the Magistrate Judge. Therefore, these issues cannot be considered as properly raised objections. *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the [R. & R.] within 14 days after being served with a copy."); *Pearl v. Comm'r of Soc. Sec.*, 394 F. Supp. 3d 762, 766 (E.D. Mich. 2019) ("[O]nly those specific objections to the [magistrate judge's] report made to the district court will be preserved for appellate review . . . ." (internal quotation marks omitted) (quoting *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006)). Therefore, Plaintiff's general objections and repetition of the arguments made in her initial challenge of the ALJ's decision cannot qualify as specific objections; thus, the Court need not review *de novo* the Magistrate Judge's report

regarding these objections. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. Mar. 27, 2018).

Nevertheless, the Court has conducted its own review of the record and finds no error in the Magistrate Judge's findings and conclusion. Indeed, to the extent Plaintiff's general objections do reference the Magistrate Judge's R&R, Plaintiff's arguments are unsupported by the record. For instance, Plaintiff claims that the Magistrate Judge failed to address the ALJ's "suspect" reasoning, yet acknowledges that the Magistrate Judge found "the ALJ provided proper justification for his evaluation of the opinion evidence." [DE 18 at 1013]. Likewise, the Magistrate directly addressed Plaintiff's argument regarding the ALJ's finding that Plaintiff had "mild" dementia. [*Compare id.* ("For example, the ALJ's classification of Ms. Hudnall's admittedly severe dementia as 'mild' was internally inconsistent. The ALJ's reliance on that internal inconsistency cast significant doubt as to the validity of the ALJ's reasoning for rejecting the opinion evidence of record."), *with* DE 17 at 1005–1006 ("Contrary to Plaintiff's suggestion, the ALJ's observation *is not inconsistent* with his step two finding that the dementia 'significantly limits' Plaintiff's mental ability to do "basic work activities.'"). So too with respect to Plaintiff's claim that the ALJ improperly "selectively discussed the record evidence, ignoring or glossing over the evidence of significant back problems that contradicted the ALJ's residual functional capacity." [DE 17 at 1013]. The Magistrate Judge explained that "[t]o the extent Plaintiff claims the ALJ failed to adequately consider his back pain in assessing Dr. Gardner's opinion, this is an inappropriate request to reweigh the evidence." *See Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 WL 17348838, at *2 (6th Cir. Dec. 1, 2022).

In sum, Plaintiff fails to raise specific objections to the Magistrate Judge's R&R. But even if she had, the Court finds no errors of law or fact in the Magistrate Judge's recommendations.

## IV. CONCLUSION

For the reasons above, **IT IS ORDERED** as follows:

(1) Plaintiff's Objections [DE 18] to the R&R are **OVERRULED.**

(2) The R&R of the United States Magistrate Judge [DE 17] is **ACCEPTED** without modification as the findings of fact and conclusions of law of this Court.

Rebecca Grady Jennings, District Judge
United States District Court

September 25, 2026